**VILLAGE OF NEWCOMERSTOWN, Appellant,**

v.

**UNGUREAN, Appellee.**

[Cite as *Newcomerstown v. Ungurean* (2001), 146 Ohio App.3d 409.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2001AP050048.

Decided Oct. 31, 2001.

410

*David C. Hipp,* for appellant.

*Robert A. Skelton,* for appellee.

GWIN, Presiding Judge.

At 3:10 a.m. on January 6, 2000, an employee of the Newcomerstown truck stop, who identified herself as Jamie Ickes, called the Newcomerstown Police Department and reported that a white Honda automobile was parked at the truck stop. She told the dispatcher that a beer and another drink in a shot glass were on the lid of the trunk. The employee further reported that the four occupants of the vehicle were in the truck stop, and all were intoxicated.

The dispatcher relayed this information to Sergeant Rod Miller of the Newcomerstown Police Department. Although she did not relay the name of the caller, the dispatcher did tell Sergeant Miller that an employee of the truck stop

had called. Sergeant Miller went to the truck stop and observed the vehicle, including the beer bottle and the shot glass. No one was around the vehicle at this time.

Sergeant Miller continued his patrol duties to the motel near the truck stop. As he was leaving the motel, he saw the white Honda operating on the street adjacent to the truck stop. The beer bottle and shot glass were gone from the trunk lid, and the car had four occupants. As the report he had received stated that the truck stop's employee thought that all four people associated with the Honda were intoxicated, Sergeant Miller stopped the vehicle without observing any traffic violations. Sergeant Miller testified that alcohol offenses were not uncommon at the truck stop, and the police department regularly gets complaints from the truck stop.

After stopping the car, Sergeant Miller arrested and charged appellee C. Jai Ungurean with driving under the influence of alcohol. Appellee filed a motion to suppress, which the court granted. The village of Newcomerstown appealed, filing the required certification that the appeal was not being taken for purposes of delay and that the judgment rendered the prosecution's proof on the charged offense so weak that any reasonable possibility of effective prosecution has been destroyed. The village assigns a single error on appeal:

"The trial court erred in suppressing the fruits of a traffic stop, which was based upon a report of an identified complainant concerning intoxication of the vehicle occupants, corroborated by the police officer's independent observations."

Initially, a magistrate heard the motion to suppress and recommended that the motion be overruled. Upon objections, the court sustained the motion to suppress. The court found that the tip of the truck stop's employee must be categorized as anonymous, as the dispatcher did not give the name of the tipster to the officer, even though the dispatcher had this information. The court concluded that the officer did not sufficiently corroborate the tip, and therefore lacked a reasonable suspicion of criminal activity to justify stopping the vehicle.

The court erred in concluding that the failure of the dispatcher to relay the name of the employee to the officer rendered the tip anonymous. A police officer need not always have knowledge of the specific facts justifying a stop and may rely upon a dispatch. *Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 297, 720 N.E.2d 507. This principle is rooted in the notion that effective law enforcement cannot be conducted unless officers can act on information transmitted by one officer to another, and that officers, who must often act quickly, cannot be expected to cross-examine their fellow officers about the foundation of the transmitted information. *Id.* The admissibility of evidence uncovered during a stop does not rest upon whether the officers relying upon a dispatch were

themselves aware of the specific facts that led the colleagues to seek their assistance, but turns instead upon whether the officer who issued the dispatch possessed a reasonable suspicion to make a stop. *Id.,* citing *United States v. Hensley* (1985), 469 U.S. 221, 231, 105 S.Ct. 675, 83 L.Ed.2d 604. Thus, if the dispatch has been issued in the absence of a reasonable suspicion, then a stop in objective reliance upon it violates the Fourth Amendment. *Id.* The state must therefore demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity. *Id.* 87 Ohio St.3d at 298, 720 N.E.2d 507.

Where the information possessed by the police before the stop was solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight to be given the tip and the reliability of the tip. *Id.* at 299, 720 N.E.2d 507. Courts have generally identified three classes of informants: the anonymous informant, the known informant from the criminal world who has provided previous reliable tips, and the identified citizen informant. *Id.* at 300, 720 N.E.2d 507. An identified citizen informant may be highly reliable, and therefore a strong showing as to other indicia of reliability may be unnecessary. *Id.* Thus, courts have routinely credited the identified citizen informant with greater reliability. *Id.*

Given the greater degree of reliability typically accorded the identified informant, the issue in this case thus becomes whether the informant should be considered identified or anonymous. Courts have been lenient in their assessment of the type and amount of information needed to identify a particular informant. *Id.* at 301, 720 N.E.2d 507. Viewing the information provided in this case, the trial court erred in classifying the informant as anonymous rather than identified. The caller identified herself to the dispatcher both by name and by place of employment. The police department was familiar with the place of employment, having received prior complaints of intoxicated patrons at the truck stop. The C.A.D. incident report, which the officer testified is prepared at the time of the dispatch, includes the address of the truck stop where the caller was employed. The information provided was sufficient to remove her from the category of the anonymous caller and identify her as a citizen informant.

Having resolved this issue, we must next determine from the totality of the circumstances whether the tip is reliable, weighing in favor of the informant's reliability and veracity. *Id.* at 302, 720 N.E.2d 507. Typically, a personal observation by an informant is due greater reliability than a second-hand description. *Id.* In the instant case, the informant had personally observed the four occupants arrive in the vehicle and noticed the beer can and shot glass on the lid of the trunk of the car. The persons were in the restaurant as she made

the call, and she had observed that they all appeared to be intoxicated. Her knowledge of the circumstances was all first-hand, and the tip was therefore due significant weight.

The only remaining issue is whether the tip itself was sufficient to justify a reasonable suspicion of criminal activity, allowing the officer to stop the vehicle in reliance on the dispatch. The tip stated that the vehicle had a beer and a shot glass on the trunk. The tipster further stated that all four occupants of the car were in the restaurant, and all were intoxicated. Based on this information, when the officer observed the vehicle first with the objects on the trunk, and later in operation, he had a reasonable suspicion that the driver of the vehicle was intoxicated. Sergeant Miller was therefore entitled to stop the car for the purpose of investigation.

The assignment of error is sustained.

The judgment of the Tuscarawas County Court granting appellee's motion to suppress is vacated. This cause is remanded to that court for further proceedings according to law.

*Judgment vacated*
*and cause remanded.*

FARMER and JOHN W. WISE, JJ., concur.